# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| TARA ANTOINETTE JOHNSON,   ) | |
|                   ) | |
|     Movant,          ) | |
|                   ) | |
| v.                     ) | Case No.  CV409-087 |
|                   ) |               [CR406-390] |
| UNITED STATES OF AMERICA,   ) | |
|                   ) | |
|     Respondent.      ) | |

## REPORT AND RECOMMENDATION

Tara Antoinette Johnson pled guilty to and was sentenced for drug related (crack cocaine) crimes in 2007. Doc. 61.[1] She took no appeal but on November 24, 2008 moved for a "Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense" under 18 U.S.C. § 3582(c)(2). Doc. 73. The district judge denied relief on December 4, 2008, doc. 74, yet she did not file an appeal until April 24, 2009. Doc. 75.

Evidently as a hedge against an "untimely-appeal dismissal," she filed the instant 28 U.S.C. § 2255 motion on May 8, 2009. Doc. 78. The Eleventh Circuit has not yet passed on the timeliness of her appeal, but

---

[1] All citations are to Johnson's criminal case, CR406-390.

has done so in other § 3582(c)(2) cases. *See, e.g., United States v. Moxam,* 2009 WL 1120098 at * 1 (11th Cir. Apr. 29, 2009) (unpublished).[2] If Johnson's appeal is untimely, then the fact that a § 2255 motion cannot substitute for an appeal[3] figures into this Court's duty to initially screen and dismiss it summarily if it plainly appears that she is not entitled to relief. *See* Rule 4(b), Rules Governing § 2255 Proceedings.

Johnson's appeal--filed *months* after judgment--is obviously untimely under Fed. R. App. P. 4(b)(1)(A)(i). *See supra* note 1. However, even "after the time [to file a notice of appeal] has expired," the district court may "extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise provided by . . . Rule 4(b)" based on "a finding of excusable neglect or good cause." Fed.

---

[2] A § 3582(c)(2) motion is considered a continuation of the criminal proceedings against a defendant, so the ten-day appeal period applies. *United States v. Fair,* 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Wright,* 285 F. App'x 1, 1 n. 1 (3rd Cir. 2008); *United States v. Keith,* 2009 WL 962282 at * 1 (2nd Cir. Apr. 10, 2009) (unpublished).

[3] *Lynn v. United States,* 365 F.3d 1225, 1232 (11th Cir. 2004) ("Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal."); *see also United States v. De La Mata,* 535 F.3d 1267, 1277 n. 40 (11th Cir. 2008).

R. App. P. 4(b)(4). But Johnson filed her NOA well after that 30-day period, so she cannot invoke Rule 4(b)(4).

Her current appeal therefore faces dismissal for untimeliness. *See United States v. Hinsey*, 2009 WL 567236 at * 1 (11th Cir. Mar. 6, 2009) (unpublished) (court of appeals lacked jurisdiction to review the district court's denial of defendant's motion for sentence reduction, since defendant did not file his motion to vacate the denial of the sentence reduction motion within 10 days of the district court's denial of the sentence reduction motion, so as to toll the 10-day period for filing the notice of appeal and give the court of appeals jurisdiction to consider the underlying motion despite the untimely notice of appeal).[4] And since her

---

[4] As has been held in the Eleventh Circuit and elsewhere, however, Rule 4(b) is not jurisdictional. *United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir. 2009); *United States v. Urutyan*, ___ F.3d ___, 2009 WL 1241481 at * 4-5 (4th Cir. May 7, 2009). In fact, it "is a claim-processing rule rather than a matter of jurisdiction, [and] the government's failure to argue timeliness forfeits that contention. *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008)." *United States v. Frierson*, 308 Fed.Appx. 298, 299 (10th Cir. 2009).

But "[w]hen the government properly objects to the untimeliness of a defendant's criminal appeal, Rule 4(b) is mandatory and inflexible." *United States v. Privott*, 2008 WL 4949051 at * 1 (4th Cir. Nov. 20, 2008) (unpublished) (quotes and cite omitted); *accord United States v. Keith*, 2009 WL 962282 at * 2 (2nd Cir. Apr. 10, 2009) (unpublished); *Lopez*, 562 F.3d at 1314.

§ 2255 motion cannot be used as a substitute, it follows that the Court could dismiss it without prejudice on those grounds.

But the government has not yet appeared in this case to raise the defense. Still, the Court is authorized to note the mere pendency of Johnson's § 3582(c)(2) appeal and sua sponte dismiss her § 2255 motion on jurisdictional grounds. *See United States v. Khoury*, 901 F.2d 948, 969 n. 20 (11th Cir. 1990) ("in the interest of judicial economy and the avoidance of piecemeal litigation we note that where a prisoner raises in a § 2255 motion a claim that is then pending on direct appeal, the § 2255 motion is not entitled to consideration on the merits.") (quotes and cite omitted); *see also United States v. Dunham*, 240 F.3d 1328, 1329-1330 (11th Cir. 2001) (district court lacked jurisdiction to consider and rule on federal prisoner's motion for postconviction relief challenging legality of her sentence during pendency of prisoner's direct appeal of sentence); *Starr v. United States*, 2009 WL 995563 at * 1 (S.D.Ga. Apr 13, 2009) (unpublished) (§ 2255 motion dismissed as premature due to pendency of direct appeal). Because Johnson's § 2255 motion has not indicated that any extraordinary circumstances to justify immediate review, it should

be **DISMISSED WITHOUT PREJUDICE** to her right to re-file it post-appeal.

      **SO REPORTED AND RECOMMENDED** this  21st  day of May, 2009.

/s/ G.R. SMITH
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA